**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-24642-BLOOM/Elfenbein**

JOHANNES L. DE KONING,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS INC,

Defendant.
_________________________/

**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**

**THIS CAUSE** is before the Court upon Defendant Experian Information Solutions, Inc. 's ("Defendant") Motion for Judgment on the Pleadings ("Motion"), ECF No. [39]. Plaintiff Johannes L. De Koning ("Plaintiff") filed a Response in Opposition ("Response"), ECF No. [40], and Defendant filed a Reply in Support ("Reply"). The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I. BACKGROUND

In April 2025, De Koning reviewed his credit reports from three "nationwide consumer reporter agencies", each of which reported different delinquency information for the same OpenSky credit card account. ECF No. [27] ¶ 8. Thereafter, Plaintiff submitted a dispute to Defendant and on May 5, 2025, Defendant deleted the OpenSky tradeline form Plaintiff's consumer file. *Id*. On May 15, 2025, Defendant reinserted the same OpenSky account into Plaintiff's Experian credit file, reporting the account as 30 days late. *Id*. ¶ 11. That same day, Plaintiff submitted a new dispute through Defendant's online portal concerning the reinserted account. *Id*. ¶ 14. On May 20, 2025, Defendant emailed Plaintiff and portal notification stating:

"Your Dispute Results are ready", but when Plaintiff accessed the portal, the initial screen stated: "Your dispute results are currently not available online." *Id.* ¶ 17. When Plaintiff clicked the "Important Info about Your Dispute Results" banner, the portal displayed only a boilerplate statement: "We have verified the accuracy of the item with the creditor." *Id.* Defendant provided no individualized findings or Method of Verification ("MOV"). *Id.* ¶ 18. On May 23, 2025, Plaintiff mailed a formal MOV request to Defendant. *Id.* ¶ 20. On June 15, 2025, Defendant mailed Plaintiff a letter, which purported to be a reinvestigation result. *Id.* ¶ 22. The letter failed to provide reinsertion details of any meaningful MOV. *Id.*

Plaintiff asserts Defendant violated 15 U.S.C. § 1681i(a)(5)(B) for unlawful reinsertion without notice (Count I), violated 15 U.S.C. § 1681i(a)(6)(B)(iii) for failure to provide method of verification (Count II), and violated 15 U.S.C. § 1681n for willful non-compliance with the Fair Credit Reporting Act (Count III).

Defendant argues this Court dismissed with prejudice Plaintiff's claims regarding this same tradeline brought in a parallel action. ECF No. [39] at 2 (citing *De Koning v. Trans Union LLC*, No. 25-cv-23331, 2026 WL 444957 (S.D. Fla. Feb. 13, 2026)). Defendant further argues the case should be dismissed because Plaintiff has failed to plead a factual inaccuracy and only alleges that Defendant did not conduct a thorough reinvestigation.

Plaintiff responds that the Amended Complaint alleges Defendant reported his account as 30 days late, whereas records obtained by the "furnisher" indicates that the delinquency lasted 40 days and 57 days respectively. ECF No. [40] at 4-5. Plaintiff argues these additional facts distinguish *De Koning v. Trans Union*.

Defendant replies that Plaintiff's records provided by the furnisher do not satisfy the required reporting inaccuracy because Defendant is not required to update the delinquency daily.

ECF No. [43] at 2. Defendant explains that it uses 30-day codes in its reporting, and there is no law that provides that requires otherwise.

## II. LEGAL STANDARD

### A. Judgment on the Pleadings

After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A party may move for judgment on the pleadings if there are no material facts in dispute. *See Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002). In rendering judgment, a court may consider the substance of the pleadings and any judicially noticed facts. *Termilus v. Marksman Sec. Corp.*, 2016 U.S. Dist. LEXIS 20356 (S.D. Fla. Feb. 19, 2016) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).

"A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011). As such, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

**B. Fair Credit Reporting Act**

Under 15 U.S.C. § 1681e, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "The Act, however, does not make reporting agencies strictly liable for all inaccuracies." *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991). If a consumer notifies the consumer reporting agency of a dispute as to the "completeness or accuracy of any item of information contained" in the file, "the agency shall...conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file...before the end of the 30-day period[.]" 15 U.S.C. § 1681i(a)(1)(A); *Mesa v. Pa. Higher Educ. Assistance*, Case No. 16-24577-Civ, 2018 WL 1863743, at *2 (S.D. Fla. Mar. 15, 2018) ("[W]here a consumer notifies an agency that he or she disputes the completeness or accuracy of any item in his or her file, the agency must conduct a 'reasonable reinvestigation' to determine whether the item is inaccurate and either record the item's status or delete it within 30 days."), *report and recommendation adopted*, Case No. 16-24577-Civ, 2018 WL 11202683 (S.D. Fla. May 4, 2018).

"If, after any reinvestigation...an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-- (i) promptly delete that item of information from the file of the consumer[.]" 15 U.S.C.§ 1681i(a)(5)(A). A consumer may request a description of a consumer reporting agency's reinvestigation procedure, and the consumer reporting agency must provide the description "by not later than 15 days after receiving a request from the consumer for that description." 15 U.S.C. § 1681i(a)(7). Congress created a statutory private right of action for negligent or willful violations of the duties imposed on a person under the FCRA. 15 U.S.C. §§ 1681n., 1681o.; *Bresky v. Experian Info. Sols., Inc.*, CASE NO. 0:20-CV-

62180, 2021 WL 2590132, at *2 (S.D. Fla. Apr. 1, 2021) ("Sections 1681n and 1681o provide for private rights of action against those who willfully or negligently fail to comply with the FCRA's requirements.").

"To state a claim under § 1681e, the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021). As part of a plaintiff's showing, she "must 'show that a credit reporting agency prepared a report containing "inaccurate" information,' which, if not shown, fails to establish a violation of the FCRA." *Padilla v. Experian Info. Sols., Inc.*, No. 23-cv-60669, 2023 WL 4014700, at *2 (S.D. Fla. May 12, 2023) (quoting *Cahlin*, 936 F.2d at 1156).

## III. DISCUSSION

### A. Plaintiff Does Not Plead a Factual Inaccuracy

As is his burden, the Plaintiff must "show that a credit reporting agency prepared a report containing 'inaccurate' information," which, if not shown, fails to establish a violation of the Fair Credit Reporting Act. *Cahlin*, 936 F.2d at 1156*; Lacey v. TransUnion*, LLC, Case No. 8:21-cv-519-02, 2021 WL 2917602, at *3 (M.D. Fla. July 12, 2021) ("Plaintiff's claims under 15 U.S.C. 1681e(b) and 1681(i) [sic] require her to plead and prove an inaccuracy in her credit report or credit file."). The "maximum possible accuracy" standard is used for determining whether a consumer report contains inaccurate information, which requires that the "information...be factually true and also unlikely to lead to a misunderstanding." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020). Plaintiff must show that the consumer report was "factually incorrect, objectively likely to mislead its intended user, or both[.]" *Id.*; *see Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367-68 (11th Cir. 2024) (same).

However, “factual allegations that are merely consistent with the Defendants’ liability do not satisfy the Plaintiff's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief.” *Lacey*, 2021 WL 2917602, at *3. Indeed, “the alleged inaccurate information” must be “objectively and readily verifiable” to the consumer reporting agency. *Holden*, 98 F.4th at 1368. Blanket and conclusory assertions that a report was inaccurate are insufficient to satisfy a plaintiff's burden. *See*, e.g., *Daley v. Trans Union LLC*, Case No. 23-cv-24329, 2023 WL 7495089, at *4 (S.D. Fla. Nov. 13, 2023) (finding that the plaintiff's allegations that “a certain item on his credit report was ‘not [his] debt’ and that the credit report reflects inaccurate dates for the debt and the dollar amounts” were insufficient, as it was unclear which debt the plaintiff claimed did not belong to him, because there were eleven accounts in the credit report); *Padilla v. Experian Info. Sols., Inc.*, CASE NO. 23-CV-60669, 2023 WL 4014700, at *4 (S.D. Fla. May 12, 2023) (finding that the plaintiff failed to show that the credit report contained inaccurate information, as the plaintiff inadequately alleged “threadbare recitals” of the elements of an FCRA claim); *Reyes v. Trans Union LLC*, CASE NO. 24-cv-21045, 2024 WL 2976750, at *3-*4 (S.D. Fla. June 13, 2024) (concluding that allegations that “Trans Union does not reinvestigate disputed inquiries; does not notify the source of the disputed inquiry about the consumers’ disputes of the information; does not provide the source with all the relevant information about the dispute; and does not delete disputed inquiries that it cannot verify” were insufficient to make a threshold showing of inaccurate information).

Here, Plaintiff identifies “a material inconsistency in payment history reporting” among three nationwide consumer reporting agencies. ECF. No. [27] ¶ 8. Plaintiff further alleges that Defendant reported his account as 30 days late, whereas records obtained by the “furnisher” indicates that the delinquency lasted 40 days and 57 days respectively. Plaintiff fails to cite to case

law or statutory authority for his contention that Defendant was required to provide greater specificity than Defendant's 30-day codes. Indeed, Courts have found such reporting to be acceptable. *See Bolich v. Nelnet Servicing, LLC*, No. 8:21-CV-886-CEH-AEP, 2023 WL 4489954, at *7 (M.D. Fla. July 12, 2023) ("Plaintiff has not identified any requirement that a furnisher provide greater specificity than a borrower's status on a monthly reporting date. He might prefer, for example, a daily report that would demonstrate that his 90- and 120-day delinquencies lasted only one day of the month. But Great Lakes 'was not required to provide information in the manner most favorable to Plaintiff[.]') (citation omitted); *see also Dye v. TransUnion, LLC,* No. 2:13-CV-01094-RCJ, 2013 WL 5663094, at *2 (D. Nev. Oct. 15, 2013) ("Plaintiff appears to allege that TransUnion should have reported her delinquency as 120 days, 150 days, 180 days, etc., for the relevant months during this time period, instead of 120 days or 120+ days delinquent for each month during this period. This reporting practice, however, is normal and acceptable."). As such, Plaintiff has not established a factual inaccuracy, and this case is similar to *De Koning v. Trans Union*.

Inconsistent information across three credit reports does not indicate an objectively verifiable error, but a dispute about which version is correct. *See Verlus v. Experian Info. Sols.*, Inc., No. 23-CV-11426-DJC, 2025 WL 836588, at *4 (D. Mass. Mar. 17, 2025) ("allegations of discrepancies of the dates of alleged late payments between the Experian and TransUnion reports, without more, do not permit an inference that either report contains 'false or materially misleading' information."); *see also Cruel v. Experian*, No. CV 22-5236, 2023 WL 4140828, at *3 (E.D. Pa. June 22, 2023) ("Plaintiff points to inconsistent information between the three Defendants as evidence that the information is inaccurate; however, Plaintiff does not allege any facts regarding

what the accurate information actually is."). Because Plaintiff has failed to plead an objectively and verifiable factual inaccuracy, his claims must be dismissed.

**B. Leave to Amend**

In his Response, Plaintiff requests leave to amend for the limited purpose of curing the deficiency the Court identified. ECF No. [40] at 19. Under Federal Rule of Civil Procedure 15(a)(2), leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] district court is not required to grant a plaintiff leave to amend his complaint s*ua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). An exception exists when a complaint is dismissed on shotgun pleading grounds. *See Vibe Micro Inc., v. Shabents*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give [the litigant] one chance to replead before dismissing [the litigant's] case with prejudice on non-merits shotgun pleading grounds.").

The Eleventh Circuit has held that a request for leave to amend contained in a response in opposition to a motion to dismiss is not properly before the Court and "possesse[s] no legal effect." *See Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018). AS the Court explained above, a motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. The court is "free to dismiss [plaintiff's] complaint with prejudice" on that basis alone without determining whether further amendment is futile, unless dismissal is based on shotgun pleading grounds. *See Pop v. LuliFama.com, LLC*, 145 F.4th 1285, 1297-98 (11th Cir. 2025); *Ounjian v Globoforce, Inc.*, 89 F.4th 852, 862 (11th Cir. 2023) ("A district court may dismiss a complaint with prejudice where the plaintiff fails to request leave to amend, or where the complaint could not be more carefully drafted to state a valid claim.").

Here, Plaintiff failed to file a motion to amend her Amended Complaint. Plaintiff's request was contained within her Response to the Motion is not proper. Moreover, it would be futile as the facts fail to reveal an objectively and verifiable factual inaccuracy.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Judgment on the Pleadings, **ECF No. [39]**, is **GRANTED.**
2. The Amended Complaint, **ECF No. [27]**, is **DISMISSED WITH PREJUDICE**.
3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 6, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record